UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NANCY ANN ASHENHURST-GALLINA,
KENNETH PAUL GALLINA,
WILLIAM ASHENHURST,
CHARLES PATRICK CRATTY,           CASE NO. 08-CV-11464
WAYNE EDWARD HAYES,

                                   DISTRICT JUDGE THOMAS L. LUDINGTON
       Plaintiffs,                   MAGISTRATE JUDGE CHARLES BINDER

v.

JAMES A. KANDREVAS,
RANDY L. KALMBACH,
BERNADETTE GOSSELIN,
RAY LEMMONS,
BOBIE ELWOOD HECK,
JAMES FERGUSON,
JAY SHARPES, NEIL HUNTER,
SCHLECTER,
RAYMOND W. SZMAGAJ II,
SUZY TAWEEL,
NATALIE SHAUL,
JOE PETERSON,
JANE DOE(S), JOHN DOE(S),

       Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S PETITION TO SET ASIDE VOID JUDGMENT**
(Doc. 37)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's petition be

**DENIED**.

## II. REPORT

### A. Introduction & Background

This matter is before the undersigned magistrate judge pursuant to an order of reference dated March 31, 2009. (Doc. 38.) This case was commenced on April 4, 2008, when the 5 *pro se* Plaintiffs filed a one-paragraph complaint against 8 defendants, which stated:

> Defendants are violating our Constitutional Rights and Civil Rights by not giving us a fair and impartial Trial by Jury of our peers. One such violation is Title 18 Section 246. There are orders by Judge Randy Kalmbach of the Twenty-Seventh District Court and Chief Judge Mary Beth Kelly of the Third Circuit Court of Michigan and a recommendation of the prosecutor that the cases of plaintiffs, who are defendants in related cases, be kept together in the best interest of justice. Defendants are not following these orders. Judge Kalmbach has recused himself from all matters in which plaintiffs are a part of, after he decided the amount of the bond on these cases. Defendant Kandrevas has presided over several cases of the plaintiffs so therefore he cannot be impartial and should be disqualified. We need the cases attached to the jury trial consolidated with this case. . . .

(Compl., Doc. 1 at 1.) Subsequent to the filing of the complaint, Plaintiffs filed two additional sets of documents, mostly consisting of state court documents. (*See* Doc. 3, 16 pages docketed as "Claim regarding home ownership"; Doc. 4, 13 pages docketed as "Attachments to Complaint.") They also filed two motions seeking emergency stays of their state court criminal proceedings. (Doc. 5 & 7.)

On May 8, 2008, the case was referred to Magistrate Judge Mona K. Majzoub, who issued a Report and Recommendation ("R&R") recommending *sua sponte* dismissal. (Doc. 8.) On June 19, 2008, Judge Gadola declined to adopt the R&R, and instead instructed Plaintiffs to amend their complaint. Judge Gadola specifically told Plaintiffs to cure the defects noted by Magistrate Judge Majzoub:

> [T]he Magistrate Judge listed many problems with Plaintiffs' Complaint, including a failure to properly identify Defendants, a failure to give addresses for Defendants, a failure to show exhaustion of state court remedies, a lack of jurisdiction due to

2

> immunity of Defendants, and a failure to make sufficient allegations of claims against certain Defendants.
>
> . . . Therefore, the Court will provide Plaintiffs with the opportunity to amend their Complaint. Plaintiffs are advised to address the many deficiencies in the Complaint identified by the Magistrate Judge when filing an Amended Complaint. Failure to do so may result in the Court dismissing this case for failure to state a claim upon which relief can be granted.

(Doc. 10 at 2.) The Court gave Plaintiffs 30 days to file an amended complaint.

On June 24, 2008, an amended complaint was filed, with 4 additional named defendants listed in the caption. Other than the addition of 4 defendants, the amended complaint consisted of the exact same paragraph as the original complaint. (Amended Compl., Doc. 11.)

Several defendants filed answers to the amended complaint and affirmative defenses. (Doc. 13, 16.)

On July 21, 2008, Plaintiff Nancy-Ann Ashenhurst-Gallina filed a 34-page document entitled a "Request for Three Judge Court, Title 28 U.S.C. §§ 2284 & 1331, Seeking Emergency Stay of State Actions and Notice of Claim." (Doc. 14.) The caption of this document lists only one plaintiff, Nancy-Ann Ashenhurst-Gallina, and lists 30 defendants.

On August 18, 2008, Plaintiff Nancy-Ann Ashenhurst-Gallina filed a Motion to Add Defendants and Motion to Correct Errors. (Doc. 31.) The caption of this document lists 38 defendants. She also filed a Motion for Temporary Restraining Order. (Doc. 32.)

The following day, August 19, 2008, the case was dismissed and judgment was entered. U.S. District Judge Sean F. Cox[1] noted that the amended complaint failed to address any of the deficiencies previously identified by the Court, and it further failed to set out "simple, concise, and direct" allegations against each individual named as a defendant, in violation of Rule 8 of the

---

[1] Judge Cox was acting for Judge Gadola while he was on a medical leave of absence.

3

Federal Rules of Civil Procedure. Finally, Judge Cox noted that the Court lacked jurisdiction over the claims pursuant to the *Rooker-Feldman* doctrine, because Plaintiffs were asking this Court to review state court decisions, and because several, if not all, of the defendants were immune from suit pursuant to judicial and prosecutorial immunity. (Doc. 28 at 1-2.)

Plaintiff Nancy-Ann Ashenhurst-Gallina seeks to have this judgment set aside. She argues that Magistrate Judge Majzoub and Judge Cox had no authority to act in this matter because the case was assigned to Judge Gadola. (Doc. 37 ¶¶ 2-6.) Plaintiff Ashenhurst-Gallina also states that Judges Majzoub and Cox improperly treated the case like a class action. She further states that her "Request for Three Judge Court, Title 28 U.S.C. §§ 2284 & 1331, Seeking Emergency Stay of State Actions and Notice of Claim" (Doc. 14) was in fact meant to be an amended complaint. (*Id.* ¶ 9.) She claims that Judge Cox acted in a conspiracy with certain of the defendants "with malice and forethought" to fraudulently issue a void judgment in this case. (*Id.* ¶ 23.)

### B.     Governing Law

Plaintiff's Ashenhurst-Gallina's "Petition to Set Aside Void Judgment" has been construed as a motion for relief from judgment brought under Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 38 at 2.) Rule 60(b) provides in pertinent part as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

### C. Discussion

I suggest that Plaintiff Ashenhurst-Gallina's motion for relief from judgment be denied because it is clear that, after Judge Gadola ordered the filing of an amended complaint, an amended complaint was filed (Doc. 11), and it did not correct the deficiencies of the original complaint that were identified and explained to Plaintiffs by both Magistrate Judge Majzoub and Judge Gadola. With regard to Plaintiff Ashenhurst-Gallina's argument that a later-filed document (Doc. 14) was intended to be the amended complaint (despite the fact that it was not labeled as such), it was too late because an amended complaint had already been filed. Once an amended complaint is filed, it supersedes the original complaint and becomes the operative pleading in the case. *See* 6 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1476 (2d ed.). Furthermore, in this case, after the amended complaint was filed, several defendants filed their answer and affirmative defenses. (Doc. 13.) Therefore, at the time that docket #14 was filed, no further amendment could have been made without leave of court or written consent by the opposing parties, *see* FED. R. CIV. P. 15(a), neither of which occurred here.

To the extent that Plaintiff Ashenhurst-Gallina appears to be arguing that each plaintiff gets to file his or her own complaint, I suggest that her argument fails. Plaintiffs obviously understood when they filed their original complaint that a multi-plaintiff case proceeds by way of *one complaint*. *See* FED. R. CIV. P. 3 ("A civil action is commenced by filing *a complaint* with the court.") When that complaint was found to be deficient in several areas, Judge Gadola clearly instructed them to file *an amended complaint*, which was done on June 24, 2008. (Doc. 11.) Any attempt now to claim ignorance of the rule that there is only one operative complaint in a case is, I suggest, disingenuous. The Supreme Court has instructed that *pro se* civil litigants are not to be excused for such mistakes:

5

> While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, *see Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (*pro se* prisoner's notice of appeal deemed filed at time of delivery to prison authorities), **we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel**. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497, 65 L. Ed. 2d 532 (1980).

*McNeil v. U.S.*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) (footnotes omitted) (emphasis added). Indeed, the Supreme Court has instructed that *pro se* litigants "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50, 104 S. Ct. 2924, 82 L. Ed. 2d 36 (1984).

Here, where Plaintiff Ashenhurst-Gallina has not shown any reason that justifies relief, I suggest that the motion should be denied.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*,

474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 

                                                               s/ *Charles E. Binder*
                                                              CHARLES E. BINDER
Dated: April 16, 2009                                United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Michael Rosati, Steven Makowski, Steven Matta, and Aaron Thomas; and served by first class mail on Nancy Ann Ashenhurst-Gallina, Kenneth Gallina, William Ashenhurst, Charles Cratty and Wayne Hayes, all at P.O. Box 333, Wyandotte, MI, 48192.

Date:  April 16, 2009                        By     s/*Jean L. Broucek*
                                                               Case Manager to Magistrate Judge Binder